# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

KELLY BIBLE,

        Petitioner,

vs.                                                                                  Civil No. 05-801 JB/RHS

ROBERT ULIBARRI, Warden, et al.,

        Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Respondents' Motion to Dismiss

Petition for Writ of Habeas Corpus ("Motion to Dismiss"), filed September 2, 2005 **[Doc. 11]**.

Respondents contend that Mr. Bible's petition for writ of habeas corpus pursuant to 28 U.S.C. §

2254 is time-barred subject to the one-year statute of limitations in the Antiterrorist and Effective

Death Penalty Act of 1996 ("AEDPA").[1]  See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir.

1998).  The limitations issue can be resolved on the record and, therefore, an evidentiary hearing

is not necessary.  The Court finds that the Motion to Dismiss is well-taken and recommends that it

be granted.

    2.  Petitioner Kelly Bible is incarcerated and proceeding *pro se*.  Petitioner's Judgment,

Order and Commitment to the Corrections Department was filed on December 4, 2003  (Answer

**[Doc. 13]**, Ex. A.[2])  Petitioner did not file a direct appeal and his conviction became final thirty

_____

[1] Respondents also move to dismiss Mr. Bible's petition on the grounds that Petitioner's
claims are procedurally defaulted and not cognizable under 28 U.S.C. § 2254.

[2] All exhibits referenced in this document are attached to Respondents' Answer.

days following the entry of judgment, on January 5, 2004.  See N.M. R. App. P. 12-201

(providing that notice of appeal shall be filed within thirty days after judgment).  Thus, absent

tolling, Mr. Bible was required to file his federal petition no later than January 5, 2005.

3.    However, even tolling the limitations period during the pendency of state post-

conviction review does not bring Mr. Bible's petition within the one-year time limit.  After a

conviction becomes "final," the limitations period is statutorily tolled for the periods "during

which a properly filed application for State post-conviction or other collateral review . . . is

pending."  28 U.S.C. § 2244(d)(2).

4.    Here, the AEDPA limitations period began to run on the date Petitioner's conviction

became final, and thus ran from January 5, 2004 to February 3, 2004, when he filed a Motion for

Reconsideration of his sentence in state court.  (Ex. C.)  That motion tolled the limitations period

for thirty-nine days, from February 3, 2004 until approximately March 12, 2004.[3]  The AEDPA

statute then ran from March 12, 2004 until July 26, 2004, when Mr. Bible filed a Petition for Writ

of Habeas Corpus in state court.  (Ex. E.)  That proceeding was pending for fifty days, from July

26, 2004 until September 13, 2004.[4]

5.    On September 20, 2004, Mr. Bible filed a Notice of Appeal, apparently seeking review

of the district court's denial of his habeas petition.  (Ex. G.)  However, Petitioner's Notice of

---

[3]Although the motion was denied on February 11, 2004 (ex. D), this time period includes
the thirty-day period in which Mr. Bible could have petitioned for *certiorari*.  See Gibson v.
Klinger, 232 F.3d 79, 804 (10th Cir. 2000) (stating that the limitations period is "tolled during the
period in which the petitioner *could have* sought an appeal under state law") (emphasis added).

[4]The state petition was denied on August 12, 2004.  (Ex. F)  However, this time period
includes the thirty-day period in which Mr. Bible could have petitioned for *certiorari*.  See supra,
note 4.

Appeal does not toll the AEDPA limitations period because it fails to comport with New Mexico procedural requirements, and thus, is not a "properly filed" application for post-conviction review.[5]

6.   Tolling the statutory limitations period through the pendency of Petitioner's Motion to Reconsider and state habeas corpus petition extended the deadline for filing his federal petition to April 4, 2005.  Mr. Bible filed his federal petition on July 25, 2005.  Thus, under this calculation, Petitioner's federal habeas corpus application is still out of time by more than three months.

7.   The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Equitable tolling is appropriate "only in rare and exceptional circumstances."  Gibson, 232 F.3d at 808.  Moreover, Petitioner bears the burden of demonstrating that equitable tolling should apply.  See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).  The Court does not find exceptional circumstances exists wherein equitable tolling would be appropriate.

## Recommendation

I recommend that Respondents' Motion to Dismiss **[Doc. 11]** be **granted** and this civil proceeding be **dismissed** with prejudice on the finding that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **[Doc. 1]** is barred as untimely under 28 U.S.C. § 2244.

Within ten days after a party is served with a copy of these proposed findings and

---

[5]A petition for a writ of certiorari regarding the denial of an application for habeas corpus must be filed in the state supreme court "within thirty (30) days of the district court's denial of the petition."  See N.M. R. App. P. 12-501(B).

recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the Clerk of the District Court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE